UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STARR INDEMNITY & LIABILITY CO. a/s/o GULFSTREAM AEROSPACE CORP., and GULFSTREAM AEROSPACE CORP., <br><br> Plaintiffs, <br><br> - v. - <br><br> CRANE WORLDWIDE LOGISTICS, <br><br> Defendant. | Civil Action No.: |

**COMPLAINT**

Plaintiffs Starr Indemnity & Liability Co. ("Starr"), and Gulfstream Aerospace Corp. ("Gulfstream"), by and through undersigned Counsel, complaining of the Defendant, allege the following upon information and belief:

INTRODUCTION

1. This is an action for breach of contract of international air carriage, breach of bailment, and negligence arising from the loss of a shipment of airplane parts (the "Cargo") owned by Gulfstream, insured

-1-

by Starr, and tendered for shipment to Crane Worldwide Logistics, LLC ("Crane").

## PARTIES

2. Gulfstream was and is an aerospace and airplane manufacturing company with an office and place of business at 555 Northport Parkway, Savannah, Georgia 31407.

3. Gulfstream owned the Cargo.

4. Starr was and is an insurance company with an office and place of business at 399 Park Avenue, New York, New York 10022.

5. Starr insured the Cargo, paid Gulfstream's losses resulting from the incident detailed herein, and is thereby subrogated to Gulfstream's rights to the extent of such payment.

6. Gulfstream and Starr bring this action on their own behalf and as agents or trustees on behalf of all having an interest in the subject Cargo.

7. Crane was and is a logistics provider and common carrier with an office and place of business at 185 Southside Industrial Parkway, Atlanta, Georgia 30354.

8. Crane was and is a Delaware corporation domesticated in the State of Georgia, with a Georgia Registered Agent located at Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta Georgia 30066.

9. Crane was and is engaged in business as a common carrier of goods by air for hire.

10. Crane was authorized to transport the Cargo, and agreed to transport the Cargo, and transported the Cargo under its Air Waybill No. HLHR10021660 ("Air Waybill").

## JURISDICTION

11. Plaintiffs' claim arises under a treaty of the United States, to wit, the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45 ("Montreal

Convention"), and this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

12. This Honorable Court further has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims to the extent not subject to the Montreal Convention.

13. Venue is proper pursuant to Article 33 of the Montreal Convention and 28 U.S.C. § 1391 because Defendant Crane operates within this District, and the destination named in the Air Waybill is in this District.

FACTS

14. In January 2020, Gulfstream purchased the Cargo from non-party Meggitt Aircraft Braking Systems in Coventry, UK.

15. Gulfstream hired Crane to transport the Cargo from England to Atlanta, Georgia USA.

16. On or about February 3, 2020, Crane, in consideration of certain agreed freight charges, picked up, received, and accepted the Cargo, then in good order and condition, at Heathrow Airport, UK, issued

the Air Waybill to cover the subject shipment, and agreed to transport the Cargo to Atlanta.

17. On or about February 3, 2020, the Cargo was landed at Atlanta, but some of the Cargo was missing and was never delivered to Gulfstream.

18. As a result, Gulfstream incurred losses totaling at least $758,332.90, as nearly as can now be determined.

19. Gulfstream submitted a claim for its losses to its insurer, Starr, and Starr paid $753,332.90 to Gulfstream to settle the claim. Starr thereby became subrogated to Gulfstream's rights to the extent of that payment.

## FIRST CAUSE OF ACTION:  BREACH OF CONTRACT OF CARRIAGE

20. Plaintiffs repeat and reallege all of the allegations set out hereinabove with equal force and effect as if fully set forth at length herein.

21. As air carrier of goods for hire, Crane was obligated by the Montreal Convention and the terms of the Air Waybill to properly and safely transport, handle, carry, keep, care for, discharge and deliver the Cargo in the same good order and condition as when received by it.

22. Crane breached those duties by failing to deliver the Cargo in the same good order and condition as when received by it.

23. As a direct and proximate result of Crane's breach of its duties under the Montreal Convention and the terms of the Air Waybill, Plaintiffs have sustained damages, as nearly as can now be determined, no part of which has been paid although duly demanded, in the principal amount, as near as the same can now be reckoned, of $758,332.90.

## SECOND CAUSE OF ACTION – BREACH OF BAILMENT

24. Plaintiffs repeat and reallege all of the allegations set out hereinabove with equal force and effect as if fully set forth at length herein.

25. Crane agreed to keep and care for the Cargo in the same good order and condition as when received by it, and to redeliver the Cargo to Gulfstream at the place of destination.

26. Crane failed to keep and care for the Cargo and to redeliver the Cargo to Gulfstream, as some of the Cargo was lost while in the care, custody, and control of Crane, or as a result of their fault, and was never delivered by Crane to Gulfstream.

27. As a direct and proximate result of the fault and neglect of Crane as alleged herein, Plaintiffs sustained damages, as nearly can now be determined, no part of which has been paid although duly demanded, in the principal amount of $758,332.90, constituting damages from breach of bailment duties which may arise outside the scope of Defendant's duties under the Montreal Convention.

28. Starr is subrogated to the rights of Gulfstream for the recovery of the damages described above.

## THIRD CAUSE OF ACTION – NEGLIGENCE

29. Plaintiffs repeat and reallege all of the allegations set out hereinabove with equal force and effect as if fully set forth at length herein.

30. Crane owed Gulfstream a duty imposed by common law to exercise reasonable care in the oversight, carriage, discharge, and delivery of the Cargo in accordance with applicable standards, customs, best practices, regulations, codes, and/or ordinances to avoid creating a risk of loss to the Cargo.

31. The above-referenced loss of the Cargo, and expenses incurred relative thereto, were proximately caused by and resulted from the negligent, and/or careless acts and/or omissions of Crane and/or the negligent and/or careless acts and/or omissions of Crane's employees or of persons or entities whose acts and omissions are attributable to Crane, which may have occurred outside the scope of Plaintiff's remedies under the Montreal Convention. Said acts and/or omissions included:

   a. Failure to properly and adequately carry, keep, care for, discharge and deliver the Cargo;

    b. failure to employ and implement personnel and procedures necessary to prevent loss of the Cargo while in Crane's custody and control;

    c. failure to promptly and diligently investigate the loss of the Cargo, and

    d. failure to exercise due care in other ways which discovery may disclose.

32. As a direct and proximate result of the above-referenced negligent and/or careless acts and/or omissions of Crane, which may fall outside the scope of Plaintiff's Montreal Convention remedies, the Cargo was lost to the Plaintiffs' damage, as nearly as can now be determined, no part of which has been paid although duly demanded, in the principal amount of $758,332.90.

33. Starr is subrogated to the rights of Gulfstream for the recovery of the damages described above.

WHEREFORE, Plaintiffs demand judgment against Defendant in the amount of $758,332.90, together with lawful interest thereon, costs, disbursements, and such other and further relief as this Honorable Court may deem just and proper.

This 2nd day of February 2022.

        BODKER, RAMSEY, ANDREWS,
        WINOGRAD & WILDSTEIN, P.C.

        */s/ Robert E. Rigrish*
        Robert E. Rigrish
        GA. Bar No. 605573
        Thomas Rosseland
        GA Bar No. 615230
        3490 Piedmont Road, NE
        Suite 1400
        Atlanta, Georgia 30305
        Phone:  404.351.1615
        Facsimile:  404.352.1285
        rrigrish@brawwlaw.com

        *Attorneys for Plaintiffs*